UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JOHN CUSTER,                     )
                                 )
    Plaintiff,                   )
                                 )
vs.                              )   Case No. 22-1466-MMM
                                 )
COMMESSA TURNER, *et al.*,       )
                                 )
    Defendants.                  )

## MERIT REVIEW ORDER

Plaintiff is proceeding *pro se* on a complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights while detained at the Peoria County Jail ("Jail"). (Doc. 1). Plaintiff's complaint is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

### ALLEGATIONS

Plaintiff identifies six Defendants, including Sheriff Chris Watkins, Jail Superintendent Commessa Turner, Assistant Superintendent Brad Johnson, John Riguline, Diana Powers, and Nurse Paula. Plaintiff's complaint is largely illegible. From what the Court can discern, Plaintiff alleges that at 8:00 a.m. on December 21, 2022, Defendant Riguline let him out and said he had

ten minutes to shower. Riguline said something else, but Plaintiff could not hear him because he is hearing impaired. Plaintiff went into the shower. Plaintiff alleges that Defendant Riguline opened the door while he was in the shower because Defendant Nurse Paula was doing med pass. Nurse Paula and Riguline saw him naked, which Plaintiff claims violated his rights under the Prison Rape Elimination Act ("PREA"). Plaintiff alleges that he was ashamed and embarrassed to be seen naked. He claims Nurse Paula commented that no one was looking at him because he is ugly. He claims that Defendant Diana Powers should not allow medical staff to pass out medication while detainees are showering.

Plaintiff also alleges that he is being videotaped while he showers because new cameras were placed on F3 pod. He claims Defendants Watkins and Turner are liable because they toured the Jail and are aware of the violations.

## ANALYSIS

Plaintiff claims that Defendants Riguline and Nurse Paula violated PREA because they saw him naked when Riguline opened the door while Plaintiff was showering. Any claims based on PREA or the failure to comply with its guidelines are dismissed because PREA does not create a private right of action in federal court. *Closson v. Kohlhepp*, No. 121CV00772TWPDML, 2021 WL 3363139, at *2 (S.D. Ind. Aug. 3, 2021).

Plaintiff alleges that Nurse Paula allegedly commented that no one was looking at him because he is ugly. This isolated comment is "too limited to have an impact" and does not support a constitutional claim. *See Beal v. Foster*, 803 F.3d 356, 358 (7th Cir. 2015).

As pled, Plaintiff's allegations are too sparse to establish a constitutional violation against Defendants Riguline and Nurse Paula. Therefore, Defendants Riguline and Nurse Paula are DISMISSED. Plaintiff will be given leave to amend.

Plaintiff did not include any allegations related to Defendant Brad Johnson, the Assistant Jail Superintendent, in his complaint. Merely naming a defendant in the caption of a complaint does not state a claim against them. *Kuhn v. Milwaukee Cnty.*, 59 F. App'x 148, 150 (7th Cir. 2003). Therefore, Defendant Johnson is DISMISSED. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (district court properly dismissed *pro se* complaint where it alleged no specific conduct by the defendant and only included the defendant's name in the caption).

In addition, to hold Defendants liable under § 1983, Plaintiff must "show that the defendants were personally responsible for the deprivation of their rights." *Wilson v. Warren Cnty., Illinois*, 830 F.3d 464, 469 (7th Cir. 2016). "A defendant is personally responsible 'if the conduct causing the constitutional deprivation occurs at his direction or with his knowledge and consent.'" *Id.* (quoting *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995)). The mere fact that a defendant was a supervisor is insufficient to establish liability because the doctrine of *respondeat superior* (supervisor liability) does not apply to actions filed under § 1983. *See Smith v. Gomez*, 550 F.3d 613, 616 (7th Cir. 2008) (supervisor liability not permitted under § 1983); *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992) (supervisors are not liable for the errors of their subordinates). Merely because Defendants Sheriff Watkins and Jail Superintendent Turner took a tour of the Jail does not establish sufficient involvement. Finally, Plaintiff's sole allegation against Defendant Powers was that she should not let her medical staff pass out medication while detainees are showering. This is insufficient to establish liability against Defendant Powers. Therefore, Defendants Watkins, Turner, and Powers are DISMISSED.

## MOTION TO REQUEST COUNSEL

Plaintiff filed a Motion to Request Counsel asking the Court to appoint counsel to represent him. (Doc. 4). "There is no right to court-appointed counsel in federal civil litigation." *Olson v.*

3

*Morgan*, 750 F.3d 708, 711 (7th Cir. 2014). Before appointing counsel, the Court must determine if Plaintiff made a reasonable attempt to secure counsel on his own, or conversely, if he has been precluded from doing so. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010). This typically requires submitting letters from several attorneys declining assistance. *See Olson*, 750 F.3d at 711. Plaintiff did not indicate what attempts he made to find an attorney. The Court is unable to determine if Plaintiff made a reasonable attempt to secure his own lawyer. Plaintiff's Motion is DENIED, with leave to renew. If Plaintiff renews his motion, he is directed to attach copies of letters he sent to or received from prospective counsel.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's complaint is dismissed without prejudice for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have the opportunity to file an amended complaint within 30 days from the entry of this Order. Plaintiff's amended complaint will replace the complaint in its entirety. The amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted. Failure to file a timely amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim.**

2) **Plaintiff's Motion to Request Counsel [4] is DENIED, with leave to renew.**

ENTERED: 3/13/2023

s/ Michael M. Mihm  
Michael M. Mihm  
United States District Judge
