UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN CUSTER, | ) |
| | ) |
|   Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 22-cv-1466 |
| | ) |
| CARMISHA TURNER, and others, | ) |
| | ) |
|   Defendants. | ) |

## AMENDED COMPLAINT MERIT REVIEW ORDER

Plaintiff is proceeding *pro se* under 42 U.S.C. § 1983 alleging violations of his constitutional rights while detained at the Peoria County Jail.

Plaintiff's Amended Complaint (Doc. 8) is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

1

A. <u>Allegations</u>

Plaintiff sues Sheriff Chris Watkins, Jail Superintendent Carmisha Turner, Assistant Superintendent Brian Johnson, Correctional Officer Riegelein, Nurse Powers, Nurse Paula, and Maintenance Bruce.

Plaintiff alleges that in November 2022, Maintenance Bruce installed video cameras in the Jail, including in the shower area. Bruce did so at the direction of Watkins, Johnson, and Turner. Plaintiff alleges the video feed from the cameras is recorded, and viewable by all jail personnel. Plaintiff alleges jail personnel have access to personal cell phones and can use their cell phones to make personal recordings of detainees using the showers. Plaintiff also alleges that the cameras cover toilet areas.

Plaintiff alleges that while he was in an open shower stall, Riegelein allowed Nurse Paula, a female, to enter the area. Plaintiff protested. Plaintiff alleges that Nurse Paula and Riegelein sexually harassed him, commented that "nobody looking at your ugly ass," and made several other comments to one another about Plaintiff's nudity. Plaintiff alleges these Defendants did this to embarrass him, and that he was ashamed and embarrassed.

B. <u>Analysis</u>

Plaintiff claims that Defendants' actions violated the Prison Rape Elimination Act (PREA). Any claims based on PREA or the failure to comply with its guidelines are dismissed with prejudice. Nothing in the language of PREA indicates a basis for a private right of action in federal court. *See Closson v. Kohlhepp*, No. 21-cv-772, 2021 WL 3363139, at *2 (S.D. Ind. Aug. 3, 2021).

2

Plaintiff did not include any allegations clearly related to Defendant Nurse Powers. Merely naming a defendant in the caption of a complaint does not state a claim against them. *Kuhn v. Milwaukee Cnty.*, 59 F. App'x 148, 150 (7th Cir. 2003). Therefore, this action is dismissed as to Defendant Powers. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (district court properly dismissed *pro se* complaint where it alleged no specific conduct by the defendant and only included the defendant's name in the caption).

Plaintiff's other allegations do state a claim for relief.

Officials may violate the Constitution when they treat inmates in a way that is "motivated by a desire to harass or humiliate rather than by a legitimate justification." *King v. McCarty*, 781 F.3d 889, 897–98 (7th Cir. 2015); *Washington v. Hively*, 695 F.3d 641, 643 (7th Cir. 2012); *Mays v. Springborn*, 575 F.3d 643, 649 (7th Cir. 2009). Plaintiff states a claim against Nurse Paula and Officer Riegelein for sexual harassment and humiliation.

Officials may also violate the Constitution when they unreasonably infringe on an inmate's right to bodily privacy. The Seventh Circuit has recently chosen to "join every other circuit to have addressed the question and hold that the Fourth Amendment protects (in a severely limited way) an inmate's right to bodily privacy during visual inspections, subject to reasonable intrusions that the realities of incarceration often demand." *Henry v. Hulett*, 969 F.3d 769, 779 (7th Cir. 2020). When evaluating such a claim, "courts must assess that search for its reasonableness, considering 'the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted.'" *Alicea v. Dart*,

3

No. 18-cv-05381, 2022 WL 4602103, at *3 (N.D. Ill. Sept. 30, 2022) (quoting *Henry*, 969 F.3d at 779).

In *Alicea*, the Northern District of Illinois considered allegations much like Plaintiff's allegations here. Although the defendants there were ultimately granted summary judgment, the court's ruling turned on fact-specific considerations of how the jail strictly limited staff access to live video feeds, subject to termination and criminal prosecution. The fully developed record there also evinced a prohibition on viewing detainees' genitals while detainees used the toilet. Those restrictions, combined with the legitimate security interests of safely administering the jail, were, in that court's view, enough to pass constitutional muster. The Court notes that ruling is presently under review by the Seventh Circuit, and however the Seventh Circuit rules, that decision will likely inform this Court's summary judgment analysis should this case proceed that far.

Here, on an undeveloped record, and given Plaintiff's allegations that access to the video recordings and video feeds of the showers and toilets are virtually unrestricted, Plaintiff states a claim against Defendants Watkins, Turner, Johnson, and Bruce.

**IT IS THEREFORE ORDERED:**

1) **Pursuant to its merit review of the Amended Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states a claim for violation of his constitutional rights against Defendants Nurse Paula, Officer Riegelein, Watkins, Turner, Johnson, and Bruce. Additional claims shall not be included in the case, except in the Court's discretion on motion by a party for good cause shown under Federal Rule of Civil Procedure 15.**

2) **Defendant Powers is TERMINATED from the case.**

3) This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendants before filing any motions to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

4) The Court will attempt service on Defendants by mailing a waiver of service. Defendants have 60 days from service to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

5) If Defendants no longer work at the address Plaintiff provided, the entity for whom Defendants worked while at that address shall submit to the Clerk Defendants' current work address, or, if not known, Defendants' forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

6) Defendants shall file an answer within 60 days of the date the Clerk sends the waiver of service. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' position. The Court does not rule on the merits of those positions unless and until Defendants file a motion. Therefore, no response to the answer is necessary or will be considered.

7) This District uses electronic filing, which means that after Defendants' counsel has filed an appearance, Defendants' counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendants' counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendants' counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

8) Counsel for Defendants are hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the deposition.

9) Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

10) If Defendants fail to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on Defendants and will require Defendants to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

11) Within 10 days of receiving from defense counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to defense counsel.

12) The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

13) The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

ENTERED: June 14, 2023.

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge